UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BOBBY GROOMES,<br>    Plaintiff, | : <br> : <br> : | CIVIL ACTION NO.<br>3:17cv1072(JCH) |
| v. | : <br> : | |
| OFFICER FRAZIR, ET AL.,<br>    Defendants. | : <br> : | FEBRUARY 7, 2018 |

## RULING AND ORDER

The plaintiff, Bobby Groomes ("Groomes"), is currently incarcerated at MacDougall-Walker Correctional Institution. He initiated this action by filing a civil rights complaint against Correctional Officer Frazir, Lieutenant Wagner, Captain N. Lewis, Warden Antonio Santiago and Director of Classification and Population Management David Maiga. On August 21, 2017, Groomes filed an Amended Complaint adding District Administrator Angel Quiros as a defendant. See Am. Compl. (Doc. No. 9).

On November 2, 2017, the court dismissed the investigation claim; the First Amendment speech claim; the Fourth Amendment search claim; the Eighth Amendment deliberate indifference to mental health needs claim; the Thirteenth Amendment claim; the Fourteenth Amendment due process claims related to the confiscation or loss of Groomes' personal property, the loss of his job, his classification to a level four security level and continued confinement at a level three facility; and the claims under article 1, sections 4, 7 and 20 of the Connecticut Constitution. It dismissed without prejudice the Eighth Amendment deliberate indifference to mental health needs claim and the Fourteenth Amendment due process claim regarding Groomes' placement on High Security status. See Initial Review Order (Doc. No. 10) at 18. The court concluded that the Fourteenth Amendment equal protection claim relating to the removal of Groomes

from his prison job would proceed against defendants Wagner, Frazir, Lewis and Santiago in their individual capacities.[1]  See id.  Thus, all claims against defendants Maiga and Quiros have been dismissed.  See id.

Groomes has submitted a letter addressed to the court which has been docketed as a "Letter Motion for Reconsideration." (Doc. No. 11).  For the reasons set forth below, the relief requested in the letter is denied.

As a preliminary matter, at the time Groomes mailed his letter to the court, the court had issued Standing Order On Prisoner Electronic Filing Program.  See Standing Order (Doc. No. 4).  Pursuant to this Order, Groomes is required to utilize the Prisoner E-Filing Program to file all documents electronically using the Program procedures available at his place of confinement.   Groomes did not comply with the Standing Order in filing the letter motion for reconsideration because he mailed the letter via United States Mail instead of filing it through the Prisoner E-Filing system.  See Envelope attached to Letter (Doc. No. 11) at 2.  In the future, if Groomes seeks relief from the court in this case, he must file a properly captioned motion and use the Prisoner E-Filing Program to file it.  In addition, all other documents must be filed using the Prisoner E-Filing Program.  Failure to follow this procedure will result in the return of any

---

[1] The court also informed Groomes that, to the extent that he sought to pursue his claim that defendants Santiago, Lewis and Maiga had denied him due process prior to his placement on High Security status in 2015, he could file a second amended complaint to clarify that claim.  See IRO (Doc. No. 10) at 18.  The court cautioned Groomes that the second amended complaint must be filed within thirty days of the court's Order and must include specific allegations of the circumstances surrounding the violation of Groomes' due process rights and how the conduct of each defendant violated his rights and must set forth the dates on which, and the location(s) where, the conduct occurred.

Groomes has not filed a second amended complaint.  See id. at 18-19.  Nor will the court construe Groomes' letter as a second amended complaint because it is not in the form of an amended

documents without consideration of them by the court.

The letter motion appears to challenge the court's Initial Review Order to the extent that it dismissed claims against Administrator Quiros and Classification Director Maiga. Generally, reconsideration will be granted only if the moving party can identify "controlling decisions or data that the court overlooked" and that would reasonably be expected to alter the court's decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A party's identification of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" may also constitute sufficient reasons to grant a motion for reconsideration. Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). A party may not, however, use a motion for reconsideration to re-argue prior issues that have already been decided, present "new theories" or arguments that could have been raised earlier, seek a new hearing "on the merits, or [to] otherwise tak[e] a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

Groomes states that both defendants are aware of or were involved in his classification as a level three inmate and his confinement in a level four prison facility. Groomes claims that he notified Quiros in writing because he is still being confined in a level four facility even though Quiros and Maiga know that he is a level three inmate. He seems to contend that Quiros and Maiga should be re-instated as defendants in this

---

complaint and includes no allegations regarding any due process violation(s) that allegedly occurred prior to Groomes' placement on High Security status in 2015.

case.

In its Initial Review Order, the court addressed the allegations against Quiros and Maiga including the claims related to Groomes' placement on High Security Status in September 2015, and his removal from High Security status in August 2017; his claim that his overall security risk level should have been reduced to level three when the Office of Classification and Population Management removed him from High Security status in August 2017; and the claim that Administrator Quiros did not perform an investigation into his removal from his janitor position and his placement on High Security status. See IRO (Doc. No. 10) at 6-11. Groomes has not pointed to any information or decisions that the court overlooked in dismissing these claims or any other claims against defendants Quiros or Maiga. After careful reconsideration, the request for relief is denied.

## Conclusion

The Letter (Doc. No. 11), which has been docketed as a Motion for Reconsideration, is **DENIED** in all respects. Groomes is on notice that he is required by the Standing Order (Doc. No. 4) to file any document in this case using the Prisoner E-Filing Program at the facility in which he is confined. In addition, any further requests for relief should be filed in the form of a properly captioned motion.

SO ORDERED.

Dated at New Haven, Connecticut this 7th day of February, 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge