## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOBBY GROOMES,<br>    Plaintiff, | :<br>:<br>:   CIVIL CASE NO. |
| v. | :   3:17cv1072(JCH)<br>: |
| OFFICER FRAZIR, ET AL.,<br>    Defendants. | :   DECEMBER 10, 2018<br>: |

**RULING RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 18)**

The plaintiff, Bobby Groomes ("Groomes"), initiated this action by filing a civil rights complaint against Correctional Officer Frazir ("Frazir"), Lieutenant Wagner ("Wagner"), Captain N. Lewis ("Lewis"), Warden Antonio Santiago ("Santiago"), and Director of Classification and Population Management David Maiga ("Maiga"). See Complaint (Doc. No. 1). On August 21, 2017, Groomes filed an Amended Complaint naming Frazir, Wagner, Lewis, Santiago, Maiga, and District Administrator Angel Quiros ("Quiros") as defendants. See Amended Complaint ("Am. Compl.") (Doc. No. 9).

On November 2, 2017, the court reviewed the allegations in the Amended Complaint and dismissed the investigation claim; the First Amendment speech claim; the Fourth Amendment search claim; the Eighth Amendment deliberate indifference to mental health needs claim; the Thirteenth Amendment claim; the Fourteenth Amendment due process claims related to the confiscation or loss of Groomes' personal property, the loss of his job, his classification to a level four security level and continued confinement at a level three facility; and the claims under article 1, sections 4, 7 and 20 of the Connecticut Constitution; and, dismissed without prejudice the Eighth

Amendment deliberate indifference to mental health needs claim and the Fourteenth Amendment due process claim regarding Groomes' placement on High Security status. See Initial Review Order (Doc. No. 10) at 18.  Thus, the court dismissed all claims against Quiros and Maiga.  Id.  The court concluded that the Fourteenth Amendment equal protection claim relating to the removal of Groomes from his prison job on August 4, 2015, because of his race, would proceed against Wagner, Frazir, Lewis, and Santiago in their individual capacities.  Id.  On December 20, 2017, Wagner, Frazir, Lewis, and Santiago ("the defendants") filed an answer to the Amended Complaint.  See Answer (Doc. No. 16).

Pending before the court is the defendants' Motion for Summary Judgment filed by Wagner, Frazir, Lewis and Santiago.  For the reasons set forth below, the court grants the Motion for Summary Judgment, and alternatively would dismiss this action pursuant to Federal Rule of Civil Procedure 41(b).

**I.      Notice of Current Mailing Address**

Local Rule 83.1(c)(2) requires that "[a]ny self-represented party . . . provide an address where service can be made upon such party."  On June 30, 2017, Magistrate Judge Garfinkel made the plaintiff aware of his obligation under Local Rule 83.1(c)(2) to keep the Clerk apprised of an address where court orders and rulings could be mailed to him and cautioned him that failure to comply with this requirement could lead to dismissal of the case.  See Order (Doc. No. 6).  At the time that Groomes filed his Amended Complaint in August 2017, he listed his address as MacDougall-Walker Correctional Institution in Suffield, Connecticut.  See Am. Compl. at 2.

On April 27, 2018, counsel for the defendants served a Motion for Summary Judgment (Doc. No. 18), a Memorandum in Support of the Motion (Doc. No. 18-1), Exhibits in support of the Memorandum (Doc. Nos. 18-2 to 18-6), a Local Rule 56(a)1 Statement of Facts (Doc. No. 18-7), and a Notice to Self-Represented Litigant (Doc. No. 18-8) on Groomes by mail at: Roger Sherman House, 8 Rowe Street, New Haven, Connecticut 06511. See (Doc. No. 18-8) at 7. Groomes did not respond to the Motion or seek an extension of time to respond to the Motion.

On September 10, 2018, the court issued a Notice to Pro Se Litigant (Doc. No. 20) informing Groomes of his obligation to respond to the Motion for Summary Judgment and directing Groomes to file his Response on or before September 24, 2018. The court warned Groomes that if he failed to file a Response to the Motion for Summary Judgment within the time specified, the court would likely grant the Motion absent objection. Id. The Clerk mailed the Notice to Groomes at his address on file with the court: MacDougall Walker Correctional Institution, 1153 East Street South, Suffield, CT 06080. Id.

On September 26, 2018, the Clerk received the envelope containing the copy of the Notice to Pro Se Litigant back from the United States Postal Service. The envelope included the following notation: Return to Sender, Not Deliverable as Addressed, Unable to Forward – Parole." See (Docket Entry dated Sept. 26, 2018). Later that day, after becoming aware that Department of Correction records[1] reflected that the plaintiff's

---

[1] Information regarding Groomes' current location may be found on the State of Connecticut Department of Correction's website under Inmate Search using his CT DOC Inmate Number 92908. See

current location was the Roger Sherman House in New Haven, Connecticut, a clerk re-mailed a copy of the Notice to Pro Se Litigant to the plaintiff at the Roger Sherman House, 8 Rowe Street, New Haven, Connecticut 06511. Id.

To date, Groomes has not filed a written notice indicating his current mailing address. Nor has he responded to the court's Notice to Pro Se Litigant or the defendants' Motion for Summary Judgment. He has not otherwise contacted the court. Accordingly, the action is subject to dismissal under Federal Rule of Civil Procedure 41(b), for Groomes' failure to respond to Orders and the rules of this court.

## II. Motion for Summary Judgment (Doc. No. 18)

The Motion for Summary Judgment includes two grounds. Wagner, Frazir, Lewis, and Santiago argue that Groomes failed to exhaust his administrative remedies prior to filing this action with regard to the only claim that remains pending against them and that the Amended Complaint fails to state a viable equal protection claim against them. See Mem. Supp. Mot. Summ. J. (Doc. No. 18-1) at 6–11. The court concludes that, even if the case were not subject to dismissal for Groomes' failure to comply with court orders and the Local Rule requiring him to file a written notice of his current address where motions, memoranda, and other documents may be served on him, the Motion for Summary Judgment should be granted on the ground that Groomes failed to exhaust his available administrative remedies prior to filing this action as to the sole

---

http://portal.ct.gov/DOC. The court notes that the plaintiff has spelled his last name as Groomes in all documents filed in this case. See Motion to Proceed In Forma Pauperis (Doc. No. 2) at 1, 4; Compl. at 1; Am. Compl. at 1; Letter Motions (Doc. Nos. 7, 11). On the Department of Correction's website, however, the plaintiff's last name is spelled Grooms and not Groomes.

4

claim that remains pending.

The Prison Litigation Reform Act, section 1997e(a) of title 42 of the United States Code ("PLRA"), requires a prisoner to exhaust "administrative remedies as are available" before bringing an "action . . . with respect to prison conditions." The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process. See Booth v. Churner, 532 U.S. 731, 741 (2001).

Furthermore, the PLRA requires "proper exhaustion" which includes complying with all "procedural rules," including filing deadlines, as defined by the particular prison grievance system. Woodford v. Ngo, 548 U.S. 81, 90–91 (2006). Thus, "untimely or otherwise procedurally defective attempts to secure administrative remedies do not satisfy the PLRA's exhaustion requirements." Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006) (quoting Woodford, 548 U.S. at 83–84).

The Supreme Court has addressed three scenarios in which a prisoner's inability to use the administrative procedures officially adopted by a prison facility rendered the procedures "unavailable" for the purpose of determining PLRA exhaustion. These are (1) where the procedure is a "dead end" because officers are unable or consistently unwilling to provide any relief to aggrieved inmates; (2) where the requirements are so opaque or convoluted that an ordinary prisoner could not navigate them; and (3) when prison staff use threats, intimidation, or misrepresentation to stop an inmate from using

the grievance process.  See Ross v. Blake, 136 S. Ct. 1850, 1859–60 (2016).  Failure to exhaust administrative remedies pursuant to section 1997e(a) of title 42 of the United States Code is an affirmative defense.  See Jones v. Bock, 549 U.S. 199, 215 (2007).  Thus, the defendants have the burden to prove that Groomes has not exhausted his claim prior to filing this action.  See Johnson v. Mata, 460 Fed. App'x 11, 15 (2d Cir. 2012) ("The defendants have the burden of showing that there is no genuine issue of material fact as to exhaustion that would preclude summary judgment.").

The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6.  See Defs.' Mem. Supp. Mot. Summ. J., Ex. A ("AD 9.6") (Doc. No. 18-2).  AD 9.6 became effective August 15, 2013, and was in effect during the time relevant to Groomes' claim.  The Inmate Grievance Procedure, section six of AD 9.6, is the designated administrative remedy for all matters not specifically identified in section 4, subsections A–I.  See AD 9.6 § 4(A).  A claim regarding a condition of confinement, such as the loss of a prison job, is subject to the Inmate Grievance Procedure.

In support of their Motion for Summary Judgment, Wagner, Frazir, Lewis, and Santiago have filed the Affidavit of Michelle King, who is the Correctional Counselor and Administrative Remedies Coordinator for Corrigan Correctional Institution.  See Defs.' Mem. Supp. Mot. Summ. J., Ex. B, King Aff. ¶ 2 (Doc. No. 18-3) ("King Aff.").  King states that, during the period from August 1, 2015 to September 1, 2016, Groomes filed only two grievances, one addressed to his re-classification to high security status and one addressed to property items that were lost on August 28, 2015.  See King Aff. ¶¶ 4–

5.  Neither grievance raises the claim that the defendants removed Groomes from his prison job on August 4, 2015, because of his race.  See King Aff. (Doc. No. 18-3) at 5, 9–10.  Groomes' Complaint does not include any allegation that he filed a grievance or appeal alleging discrimination.  See generally Compl. (Doc. No. 1).  Thus, Groomes did not exhaust his available administrative remedies as to the only claim remaining in this action.

The court concludes that Wagner, Frazir, Lewis, and Santiago have met their burden of demonstrating that there are no issues of material fact in dispute with regard to their affirmative defense of failure to exhaust as to the only claim against them (the equal protection claim) and that they are entitled to judgment as a matter of law.  The Motion for Summary Judgment is granted on the ground that Groomes did not exhaust his available administrative remedies prior to filing this action as to the claim that Wagner, Frazir, Lewis, and Santiago allegedly removed him from his prison job on August 4, 2015, because of his race in violation of the Equal Protection Clause of the Fourteenth Amendment.

## III.    CONCLUSION

The Motion for Summary Judgment (Doc. No. 18), filed by Wagner, Frazir, Lewis, and Santiago, is **GRANTED** as to Groomes' Fourteenth Amendment equal protection claim, and the Clerk is directed to close the case.  Alternatively, the court would have dismissed the claim pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders and a rule of the court.

**SO ORDERED.**

Dated at New Haven, Connecticut this 10th day of December 2018.

>/s/ Janet C. Hall	_
>Janet C. Hall
>United States District Judge